UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL GRAHAM, § | | |
|     *Plaintiff* § | | |
| § | | |
| § | | |
| § | | |
| v. § | CASE NUMBER: | 1:23-cv-00254 |
| § | | |
| JOHN DOES 1-25, § | | |
|     *Defendants* § | DEMAND FOR JURY TRIAL | |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Daniel Graham ("Plaintiff" or "Devere" herein), brings this action against Defendants, John Does 1-25 (John Does" herein), and will show as follows:

**PRELIMINARY STATEMENT**

1. This is an action under the Telephone Communication Practices Act, 47 U.S.C. §227 ("TCPA") to obtain damages, and other relief for the Defendants' violations of the TCPA.

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337(a) and 47 U.S.C. § 227 *et seq.*

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claim occurred.

1

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' collective conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury because of Defendants' violations contained herein, which constitute an intrusion on seclusion, including, the placement of phone calls to the cell phone of Plaintiff.

6. Plaintiff further suffered concrete injury in the incremental utility cost of receiving the unwanted calls and the resulting emotional distress.

7. Plaintiff has standing to bring a private cause of action under 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(B) and 47 U.S.C. § 227(c)(3).

## THE PARTIES

8. Plaintiff, Daniel Graham, is an individual who primarily resides in Travis County, Texas.

9. Defendants, John Does 1-25, are fictitious names of individuals and businesses and telemarketers that Plaintiff alleges for the purpose of substituting names of defendants, whose identities are unknown but may be disclosed in discovery and should be made parties to this action. Specifically, Plaintiff has information and belief that John Does deliberately violated the TCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff maintains a cellular phone with an active phone number 214-436-1104 ("cell phone" herein). Plaintiff has retained the cell phone number since prior to 2022.

11. At all times, Plaintiff has used the cell phone primarily for personal, family, and household and residential use.

12. On or about November 8, 2021, Plaintiff registered his cell phone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

13. Over a period spanning of at least five months from March, 2022 to August, 2022, Plaintiff received over a dozen unsolicited calls to his cell phone from 254-268-7594. These calls varied in situations where there was a) silence followed by a hang up or b) a representative would speak and provide a variety of apparent fictitious company names.

14. Plaintiff has information and belief that the subject phone number is registered to Onvoy, LLC.

15. Plaintiff has information and belief that the business model of John Does was to use as of yet unknown calling centers/telemarketers to contact random phone numbers. Then the call center representatives would screen candidates for insurance eligibility based on a checklist of questions.

3

16. Plaintiff has information and belief that for all or most of the calls, the John Doe Telemarketers utilized a telephone automated dialing system with the capacity

A) to store or produce telephone numbers to be called, using a random or sequential number generator; and B) to dial such numbers." 47 U.S.C. § 227(a)(1). Plaintiff further alleges that evidence of a telephone automated dialing systems is supported by the fact that all or most of the calls began with an initial pause and a click after Plaintiff greeted the call.

17. None of the calls were made for emergency purposes.

18. Plaintiff has information and belief that the subject phone calls were not spoofed.

19. Plaintiff alleges that the subject calls were made intentionally and knowingly.

20. Plaintiff alleges that the subject calls were made without the consent of Plaintiff..

21. Defendant John Does is a "person" as that term is defined by 47 U.S.C. § 153(39) of the TCPA.

22. Defendants John Does/telemarketers are a "person" as that term is defined by 47 U.S.C. § 153(39) of the TCPA.

23. Plaintiff alleges that all the subject phone calls, collectively or individually, constituted an intrusion on seclusion, that repeatedly harassed and annoyed Plaintiff.

## COUNT I—VIOLATION OF TCPA- AUTOMATED TELEPHONE DIALING SYSTEM
### [47 U.S.C. § 227(b)(1)(A) and b(1)(B)].

**(b) Restrictions on use of automated telephone equipment**
  **(1) Prohibitions**
   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

  A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

   **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;**

  B)  to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)

   **(3) Private right of action**
   A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
   (C) both such actions.
   If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

24. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

25. As a result of the conduct of John Does and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, Plaintiff seeks damages of $500.00 for each call made to the cell phone numbers using an ATDS and 47 U.S.C. § 227(b)(3)(B)

26. Plaintiff further seeks treble damages for intentional and knowing violations under 47 U.S.C. § 227(b)(3)(C).

## COUNT II—VIOLATION OF TCPA – DO NOT DISTURB
### [47 U.S.C. § 227(c)(5)]

**(5) Private right of action**

**A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—**

**(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation;**
**(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater**

27. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28. Plaintiff alleges that Dynamic by and through the John Doe Defendants/telemarketers intentionally and knowingly made phone calls that were on the do not disturb list by using spoofed phone number.

### COUNT III—VIOLATION OF TCPA – DO NOT DISTURB
**[Tex. Bus. & Com. Code Ann. § 305.053]**

29. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

30. Plaintiff seeks recovery under Tex. Bus. & Com. Code Ann. § 305.053 to the extent of any violations under 47 U.S.C. Section §227 to the extent of any violations under the foregoing provisions of the TCPA.

31. Plaintiff further seeks $500.00 per violation and treble damages under Tex. Bus. & Com. Code Ann. § 305.053.

### TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

32. Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction under the TCPA that orders John Does to cease further contact of Plaintiff.

### REQUEST FOR ATTORNEY'S FEES

33. Plaintiff seeks reasonable attorneys' fees as per the TCPA and any other statutory or common law basis.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Daniel Graham, respectfully prays that the Defendants, John Does 1-25, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, as follows:  be entered for the Plaintiff against Defendants, as follows:

    A.    Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each nonconsensual violation;

    B.    Treble damages pursuant to 47 U.S.C. § 227(b)(3)(C), as to each violation;

    C.    Damages and treble damages as per 47 U.S.C. § 227(c)(5) per call;

    D.    Damages and treble damages as per Tex. Bus. & Com. Code Ann. § 305.053;

    E.    Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant Dynamic and John Does to cease further communication with Plaintiff;

    F.    The Court award Plaintiff attorneys' fees, costs, prejudgment, and post judgment as allowed by law.

    G.    The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080   Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Daniel Graham*