UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL GRAHAM, § | | |
| *Plaintiff* § | | |
| § | | |
| § | | |
| § | | |
| v. § | CASE NUMBER:  1:23-cv-00254-LY | |
| § | | |
| JOHN DOES 1-25, § | | |
| *Defendants* § | DEMAND FOR JURY TRIAL | |

**PLAINTIFF'S MOTION FOR LEAVE FOR SERVICE OF THIRD-PARTY SUBPOENA**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Daniel Graham ("Plaintiff" herein), brings this Motion for Leave for Service of Third-Party Subpoena on Onvoy, LLC d/b/a Inteliquent and/or Onvoy Spectrum, LLC, pursuant to FED. R. CIV. P. 26(d)(1), and will show as follows:

SYNOPSIS

Plaintiff is attempting to ascertain the identities of certain telemarketers, John Does 1-25 (John Does" herein), who are responsible for making a number of calls in violation of the 47 U.S.C. §227 ("TCPA") and other statutes as per allegations in Plaintiff's live complaint. Plaintiff has information and belief that Onvoy, LLC d/b/a Inteliquent and/or Onvoy Spectrum, LLC is the owner of the network used by the telemarketers for the placement of the illegal phone calls that are the basis of this complaint.

Pursuant to Fed. R. Civ. P. 26(d)(1) a court may allow for early discovery prior to the 26f conference. As Plaintiff has not identified any specific defendants, the circumstances of this case justify early discovery in the form of a third-party subpoena pursuant to FRCP 45.

1

## LEGAL ARGUMENTS

## GOOD CAUSE FOR EARLY DISCOVERY

Case law from the Western District has established a "good cause" standard for the approval of early discovery, particularly in the context of a third-party subpoena pursuant to FRCP 45 to obtain the identity of an anonymous internet user. *Malibu Media, LLC v. Doe*, SA-19-CV-00962-DAE, 2019 U.S. Dist. LEXIS 143573 at *3-4 (W.D. Tex. Aug. 23, 2019):

> *A determination of good cause is in turn based on a five part test: (1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. Id. at*

Although Plaintiff's claims relate to violations of the TCPA and the identities of telemarketers, Plaintiff believes the Court can use a similar analysis for a determination of good cause.

1. **Plaintiff can establish a concrete showing of a prima facie claim of actionable harm.**

Plaintiff has satisfied the first requirement of showing a prima facia claim of actionable harm. The crux of Plaintiff's allegations in the complaint is the receipt of over a dozen unsolicited calls to his cell phone from March 2022 to August 2022. Plaintiff further alleges that he registered his cell phone number on the National Do Not Call Registry as per 47 C.F.R. § 64.1200(c)(2). (See DKT #1, Lines 12-13).

### 2. Specificity of Discovery Request

Plaintiff's Complaint specifically references that he has information and belief that the phone lines are registered to the Onvoy network (See DKT #1, Line 14). The scope of the subpoena will further be limited in time and scope to the date range and the specific phone number that is the basis of this complaint. Consequently, Plaintiff has satisfied the second standard.

### 3. The absence of alternative means to obtain the information.

Plaintiff is unaware of any other way of ascertaining the identities of the telemarketers. As Plaintiff's Complaint specifically alleges that the phone lines are registered to the Onvoy network, a subpoena to Onvoy is the best available means to obtain the requisite information.

### 4. Central need for the subpoenaed information

Early discovery is appropriate to enable Plaintiff to pursue the correct defendants and for Plaintiff to amend the complaint with the correct parties. Moreover, there is a risk that delay may result in lost records and/or deleted information.

### 5. Expectation of privacy

Plaintiff does not believe that there is any expectation of privacy in the context of the TCPA and related claims in the complaint. Even if there is such a concern, the subpoenaed party can timely file an objection to the subpoena as per FRCP 45.

WHEREFORE, Plaintiff requests that the Court grant Plaintiff's Motion for Leave for Service of a Third-Party Subpoena against Onvoy, LLC d/b/a Inteliquent and/or Onvoy Spectrum, LLC. Plaintiff prays for any further relief to which he is entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080   Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Daniel Graham*