## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DANIEL GRAHAM,** | § | |
| *Plaintiff* | § | |
| | § | **CASE NO. 1:23-CV-00254-DII** |
| **v.** | § | |
| | § | |
| **JOHN DOES 1-25 and TALKASIA** | § | |
| **VOIP, LLC,** | § | |
| *Defendants* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DISTRICT COURT**

Before the Court is Plaintiff Daniel Graham's Motion for Default Judgment Against TalkAsia VoIP, LLC, filed October 6, 2023 (Dkt. 16). By Text Order entered November 9, 2023, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    Background

On March 8, 2023, Plaintiff Daniel Graham sued Defendants "John Does 1-25," alleging that they were "individuals and businesses and telemarketers" who violated the Telephone Consumer Protection Act ("TCPA"). Complaint, Dkt. 1 ¶ 9. Graham alleges that after he registered his cell phone number on the National Do Not Call Registry, he received "over a dozen unsolicited calls to his cell phone" from the same phone number within a five-month period. *Id.* ¶¶ 12-13.

The District Court granted Graham's motion to serve a third-party subpoena on Onvoy, LLC to identify the John Doe defendants. Dkt. 4. On April 24, 2023, Graham filed his Second Amended Complaint, adding Defendant TalkAsia VoIP, LLC. Dkt. 7. Graham alleges that TalkAsia is a

calling center and telemarketing business. *Id.* ¶ 16. He also alleges that the unsolicited calls to his cell phone described above came from a number registered to TalkAsia. *Id.* ¶ 15.

Graham brings TCPA claims against TalkAsia, alleging that it violated 47 U.S.C. § 227 by using an automatic telephone dialing system to call him and calling his phone number while it was registered on the National Do Not Call Registry. *Id.* ¶¶ 26, 29. Graham also brings a claim under Texas Business & Commerce Code § 305.053 for the same conduct. *Id.* ¶ 31.

Graham served TalkAsia on May 11, 2023. Dkt. 10. TalkAsia has made no appearance and has failed to plead, respond, or otherwise defend this case. On September 26, 2023, the Clerk entered default against TalkAsia. Dkt. 15. Graham now asks the Court to enter a default judgment against TalkAsia and award him $42,000 in statutory damages. Dkt. 16 at 4. In his proposed order attached to the motion, he also asks the Court to dismiss the John Doe defendants without prejudice. Dkt. 16-1 at 1.

## II.   Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded

allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

### III.    Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### A.  Jurisdiction

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because Graham asserts claims under 47 U.S.C. § 227, he invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claim because it arises out of the same alleged facts such that it forms "part of the same case or controversy" as Graham's federal claims. 28 U.S.C. § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("Here, both the federal and state claims on the face of the pleadings concern the same core factual issue.").

A federal court may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up). To establish "minimum contacts," the defendant must have contacts giving rise to either specific or general jurisdiction. *Id.* at 324. In making a determination of "fairness," courts consider:

> (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987)). Specific jurisdiction exists when (1) a nonresident defendant has purposefully directed its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019).

Graham alleges that TalkAsia is a Delaware limited liability company, and that he received "over a dozen unsolicited calls to his cell phone" from a phone number registered to TalkAsia. Dkt. 7 ¶¶ 9, 14. "A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001). In addition, "calls to a cell phone can serve as minimum contacts with the state containing the

phone's area code when the calls are received there." *Rogers v. Nat'l Car Cure, LLC*, 636 F. Supp. 3d 762, 769 (S.D. Tex. 2022). The Court finds Graham has alleged that TalkAsia purposefully directed its activities at him in Texas by calling his cell phone, and that his claims arise from those phone calls. The Court has specific personal jurisdiction over TalkAsia.

Before a court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002). Rather than serving TalkAsia directly, Graham effected service by serving the Delaware Secretary of State. Dkts. 10, 12. The Secretary of State then forwarded the documents to be served on TalkAsia's registered agent, and Graham filed the Secretary of State's certificate of receipt. Dkt. 12 at 1-4. Rule 4(h) permits service on an unincorporated association by serving "any other agent authorized by appointment or by law to receive service of process." Delaware law permits service on the Delaware Secretary of State if service on the registered agent of a Delaware LLC cannot be accomplished by "due diligence." DEL. CODE tit. 6, § 18-105(b).

The process server stated in his service affidavit that the tenant at TalkAsia's registered agent's address informed him that the agent had moved to a new address. Dkt. 10 at 1. When the server went to the new address, he did not find the registered agent there and discovered it was a different store. *Id.* The Court finds that Graham exercised "due diligence" and could serve the Delaware Secretary of State under Delaware law. Graham has served TalkAsia in compliance with Rule 4 and Delaware law, and the Court may exercise personal jurisdiction over it.

**B.  Liability**

The Court next considers whether a default judgment is procedurally warranted and the Complaint sufficiently sets forth facts showing that Graham is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

### 1.  Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts consider six factors:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether the grounds for default are clearly established;

(4) whether the default was caused by a good faith mistake or excusable neglect;

(5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because TalkAsia has not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, TalkAsia's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Graham's] interests." *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citation omitted). Third, the grounds for default are clearly established. The Clerk has entered default against TalkAsia, which was properly served and has "failed to appear and participate at all, much less timely file a responsive pleading." *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because TalkAsia has failed to appear. Fifth, although Graham seeks damages, he seeks only statutory damages to which he is entitled under the TCPA, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by TalkAsia. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

**2.  There Is a Sufficient Basis for Judgment in the Pleadings**

**a.  TCPA Claims**

Graham alleges that TalkAsia violated 47 U.S.C. §§ 227(b)(1)(A) and 227(c). These regulations apply "to any cell phone being used as a residential phone." *Callier v. Nat'l United Grp.,* No. EP-21-CV-71-DB, 2021 WL 5393829, at *9 (W.D. Tex. Nov. 17, 2021); *see also Cranor v. 5 Star Nutrition*, 998 F.3d 686, 691 (5th Cir. 2021) ("[W]e think the TCPA cannot be read to regulate unsolicited telemarketing only when it affects the home.").

Section 227(b) prohibits a person from using an "automatic telephone dialing system" to call an individual's cell phone without consent, with an exception for calls made for emergency purposes. 47 U.S.C. § 227(b)(1)(A). An "automatic telephone dialing system" is equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," and to dial those numbers. 47 U.S.C. § 227(a)(1).

Section 227(c) provides a private right of action to a person who received two or more calls within a year in violation of the Federal Communications Commission's regulations. The regulations prohibit a telemarketer from calling a residential telephone subscriber whose number is registered on the Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2). To state a claim under § 227(c)(5), Graham must allege "receipt of multiple calls within a twelve-month period, made 'by or on behalf of the same entity,' on a phone registered on the Do Not Call List." *Libby v. Nat'l Republican Senatorial Comm.*, 551 F. Supp. 3d 724, 729 (W.D. Tex. 2021) (quoting 47 U.S.C. § 227(c)(5)).

Graham alleges that:

(1)  TalkAsia is a calling center that would "contact random phone numbers" and "screen candidates" for insurance services, Dkt. 7 ¶ 16;

(2)  TalkAsia used an automatic telephone dialing system for "all or most of the calls," *id.* ¶ 17;

(3) The automatic dialing system could store or produce telephone numbers using a random or sequential number generator and dial those numbers, *id.*;

(4) Evidence of the automatic telephone dialing system includes "the fact that all or most of the calls began with an initial pause and a click after Plaintiff greeted the call," *id.*;

(5) None of the calls were made for emergency purposes or with Graham's consent, *id.* ¶¶ 18, 21;

(6) Graham has used his cell phone "primarily for personal, family and household and residential use," *id.* ¶ 12;

(7) Graham registered his cell phone number on the Do Not Call Registry on November 8, 2021, *id.* ¶ 13; and

(8) TalkAsia called Graham at his cell phone "over a dozen" times from March to August 2022, *id.* ¶¶ 14-15, 29.

By defaulting, TalkAsia admits these facts. *Nishimatsu*, 515 F.2d at 1206. They establish that TalkAsia called Graham using an automatic telephone dialing system without his consent, in violation of 47 U.S.C. § 227(b)(1)(A). They also establish that TalkAsia called Graham two or more times in a year when his cell phone number was registered on the Do Not Call Registry.

The Court finds that Graham is entitled to a default judgment on his TCPA claims under §§ 227(b) and 227(c).

### b. State Law Claim

Graham also asserts a claim under Texas Business & Commerce Code § 305.053. Dkt. 7 ¶ 31. Section 305.053 provides a cause of action to any "person who receives a communication that violates 47 U.S.C. Section 227 [or] a regulation adopted under that provision." This provision, known as the "Texas TCPA," proscribes "only that conduct which is also prohibited by the TCPA." *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014). A plaintiff who alleges a plausible TCPA claim also alleges a plausible claim under § 305.053. *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-CV-00235-FM, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023), *R. & R. adopted*, 2023 WL 8242475 (W.D. Tex. Nov. 28, 2023). Because Graham

has alleged facts to show that TalkAsia violated the TCPA, he also is entitled to default judgment on his claim under Texas Business & Commerce Code § 305.053.

## C.  Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of Graham, the Court must determine the appropriate relief.

In his motion for default judgment, Graham does not request damages under TCPA § 227(c). Instead, he seeks damages only under TCPA § 227(b) and the Texas TCPA, both of which mandate an award of at least $500 per violation. 47 U.S.C. § 277(b)(3)(B); Tex. Bus. & Com. Code § 305.053(b)(1). If the court finds that a defendant "willfully or knowingly violated" the TCPA, it may award up to treble damages. 47 U.S.C. § 227(b)(3). Similarly, the Texas TCPA states that a plaintiff "is entitled to the greater of" $500 for each violation or actual damages and permits the court to increase the award up to $1,500 for each violation if the defendant "committed the violation knowingly or intentionally." Tex. Bus. & Com. Code § 305.053.

Graham requests statutory damages of $42,000, comprising maximum statutory damages of $1,500 per call under both TCPA § 227(b) and § 305.053. Dkt. 16 at 3-4.

### 1.  TCPA § 227(b)

As stated, § 227(b) provides that any person who receives a call from an automatic telephone dialing system without consent may recover actual damages or "$500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). In his Second Amended Complaint, Graham alleges that TalkAsia made "over a dozen unsolicited calls to his cell phone," Dkt. 7 ¶ 14, and avers that he received fourteen calls between June 24, 2022 and August 12, 2022. Dkt. 16 at 7. He states that his records are accurate because he has kept "a log of the spam and scam calls" for the past two years. *Id.* at 8.

Graham alleges that "all or most" of the fourteen calls used an automatic telephone dialing system, but presents no allegations or evidence to determine which of the fourteen calls used such a system. *Id.* ¶ 17. Without a showing of which calls used an automatic telephone dialing system, the Court cannot determine an appropriate award of damages under § 227(b).

### 2.   Tex. Bus. & Com. Code § 305.053

For the reasons stated above, the Court finds that Graham has shown that TalkAsia violated § 227(c) by calling him fourteen times in five months when his cell phone number was registered on the Do Not Call Registry. Although he does not seek damages under § 227(c), Graham may recover damages under the Texas TCPA of $500 for each of the fourteen violations of § 227(c). *See Callier v. Keeping Cap., LLC*, No. EP-21-CV-00011-DCG, 2021 WL 2742766, at *5 (W.D. Tex. Apr. 22, 2021) (awarding statutory damages under §§ 227(b) and 227(c) and no damages under § 305.053).

Graham alleges that TalkAsia acted intentionally and knowingly in calling him and violating the law, but does not allege specific facts that would permit the Court to find that TalkAsia violated the TCPA or the Texas TCPA willfully, knowingly, or intentionally. Dkt. 7 ¶¶ 20, 29. For example, courts have found willful violations of § 227(c) after plaintiffs informed defendants that their phone numbers were listed on the Do Not Call Registry. *See Schumacher v. Cap. Advance Sols., LLC*, No. H-18-0436, 2020 WL 3474420, at *3 (S.D. Tex. June 8, 2020) (finding nine out of ten phone calls to be willful or knowing because plaintiff informed defendant of the violation after the first call), *R. & R. adopted*, 2020 WL 3470505 (S.D. Tex. June 25, 2020). Graham avers that he "tried to end these calls by telling the caller to stop calling [him] multiple times," but he does not allege that he informed TalkAsia his cell phone number was registered on the Do Not Call Registry or present other evidence that the violations were knowing. Dkt. 16 at 8.

Graham presents no evidence to support a finding that TalkAsia "was more than negligent in its TCPA violation." *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 755 (W.D. Tex. 2011). The Court finds that he has not met the statutory standards for treble damages and recommends an award of $7,000 under § 305.053(b)(1).

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Daniel Graham's Motion for Default Judgment Against TalkAsia VoIP, LLC (Dkt. 16), **ENTER DEFAULT JUDGMENT** under Rule 55(b) against Defendant TalkAsia VoIP, LLC on Graham's claims under the Telephone Consumer Protection Act and Texas Business & Commerce Code § 305.053, and award Graham $7,000 in statutory damages.

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court **DISMISS** Defendants John Does 1-25 without prejudice.

It is **ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings

and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on April 16, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE